1 | JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

2

3 | BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

4 | ANDREW S. HUANG (CSBN 193730)
STEPHANIE M. HINDS (CSBN 154284)
5 | Assistant United States Attorneys

6 | 450 Golden Gate Ave., 11th Floor
San Francisco, California 94102
7 | Telephone: (415) 436-6150
Facsimile: (415) 436-6470
8 | Email: stephanie.hinds@usdoj.gov

9 | Attorneys for the United States

10 | UNITED STATES OF AMERICA

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | OAKLAND DIVISION

13 | UNITED STATES OF AMERICA,                 )   Case No. CR 08-367 DLJ
                                               )
14 |                Plaintiff,                  )   APPLICATION OF THE UNITED STATES
                                               )   FOR A PRELIMINARY ORDER OF
15 |         v.                                 )   FORFEITURE
                                               )
16 | LEONARD B. AUERBACH,                       )
                                               )
17 |                Defendant.                  )
                                               )

18

19        The United States of America, by and through the undersigned Assistant United States

20 Attorneys, respectfully submit this Application of the United States for Issuance of a Preliminary

21 Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth

22 the following:

23        On June 4, 2008, defendant Leonard B. Auerbach was charged by indictment with

24 violation of Title 18, United States Code, Section 2423(c) (Engaging in Illicit Sexual Conduct in

25 Foreign Places); Title 18, United States Code, Section 2423(b) (Travel with Intent to Engage in

26 Illicit Sexual Conduct); Title 18, United States Code, Section 2251(c) (Production of Child

27 Pornography) and Title 18, United States Code, Section 2252(a)(4)(B) (Possession of Child

28 ///

Pornography).  The indictment also sought criminal forfeiture, pursuant to Title 18, United States Code, Section 2428 and Title 18, United States Code, Section 2253 of:

a. $540,000 constituting and derived from proceeds from the sale of the defendant's interest in Beautiful Beach House, Ltd., which owned and controlled a home located at the Hacienda Pinilla Beach resort in Costa Rica;

b. 120 GB hard drive (seized by the government on August 6, 2007);

c. Sony VAIO laptop computer with 80 GB hard drive and serial number J001WRA8  (seized by the government on August 6, 2007);

d. 1 GB PNY brand flash drive  (seized by the government on August 6, 2007);

e. 512 MB PNY brand flash drive  (seized by the government on August 6, 2007);

f. Any other property that the government seized from defendant's home in Orinda, California on August 6, 2007 that has been determined to constitute or contain sexually explicit images of minors, including any computers or computer storage devices.

On August 29, 2008, defendant, Leonard B. Auerbach, pled guilty to a violation of Title 18, United States Code, Section 2251(c), wherein he agreed to forfeit to the United States, all right, title and interest in:

a. $270,000 of $540,000 constituting and derived from proceeds from the sale of the defendant's interest in Beautiful Beach House, Ltd., which owned and controlled a home located at the Hacienda Pinilla Beach resort in Costa Rica;

b. 120 GB hard drive (seized by the government on August 6, 2007);

c. Sony VAIO laptop computer with 80 GB hard drive and serial number J001WRA8  (seized by the government on August 6, 2007);

d. 1 GB PNY brand flash drive  (seized by the government on August 6, 2007);

e. 512 MB PNY brand flash drive  (seized by the government on August 6, 2007);

f. Any other property that the government seized from defendant's home in Orinda, California on August 6, 2007 that has been determined to constitute or contain sexually explicit images of minors, including any computers or computer storage devices

(hereinafter "subject property").

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or indictment with regard to which criminal forfeiture is sought, the court

1 | shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of
2 | specific property is sought, the court shall determine whether the government has established the
3 | requisite nexus between the property and the offense. If the government seeks a personal money
4 | judgment against the defendant, the court shall determine the amount of money that the
5 | defendant will be ordered to pay. The court's determination may be based on evidence already in
6 | the record, including any written plea agreement or, if the forfeiture is contested, on evidence or
7 | information presented by the parties at a hearing after the verdict or finding of guilt.
8 |      Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall
9 | promptly enter a preliminary order of forfeiture setting forth the amount of any money
10 | judgment or directing the forfeiture of specific property without regard to any third party's
11 | interest in all or part of it. Determining whether a third party has such an interest shall be
12 | deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
13 |      Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture
14 | authorizes the Attorney General (or a designee) to seize the specific property subject to
15 | forfeiture; to conduct any discovery the court considers proper in identifying, locating, or
16 | disposing of the property; and to commence proceedings that comply with any statutes governing
17 | third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the
18 | order of forfeiture becomes final as to the defendant and shall be made part of the sentence and
19 | included in the judgment. The court may include in the order of forfeiture conditions
20 | reasonably necessary to preserve the property's value pending any appeal.
21 |      Pursuant to the plea agreement, the United States has established the requisite nexus
22 | between the subject property and the offense to which the defendant pled guilty. Pursuant to the
23 | provisions of Title 18, United States Code, Section, any and all right, title, and interest that the
24 | defendant holds in the aforesaid property is forfeitable to the United States.
25 |      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United
26 | States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or
27 | Maritime Claims and Asset Forfeiture Actions, the United States will publish on
28 |

APPLICATION OF THE UNITED STATES FOR A                                           3
PRELIMINARY ORDER OF FORFEITURE
CR 08-367 DLJ

1  www.forfeiture.gov, a government website for at least thirty days, notice of this Order, notice of
2  its intent to dispose of the property in such manner as the Attorney General may direct and notice
3  that any person, other than the defendant, having or claiming a legal interest in the property must
4  file a petition with the Court and serve a copy on Andrew S. Huang, Assistant United States
5  Attorney, 1301 Clay Street, Suite 340S, Oakland, CA 94612 and/or Stephanie M. Hinds,
6  Assistant United States Attorney, 450 Golden Gate Avenue, 11th Floor, San Francisco, CA
7  94102, within thirty (30) days of the final publication of notice or of receipt of actual notice,
8  whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate
9  the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner
10 under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or
11 interest in the forfeited property and any additional facts supporting the petitioner's claim and the
12 relief sought. The United States may also, to the extent practicable, provide direct written notice
13 to any person known to have alleged an interest in the property that is the subject of the
14 Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so
15 notified.

16     WHEREFORE, the United States respectfully requests that this Court enter a Preliminary
17 Order of Forfeiture which provides for the following:

18     a.  authorizes the forfeiture of the subject property to the United States;

19     b.  directs the United States, through its appropriate agency, to seize the forfeited
20 property forthwith; and

21     c.  directs the United States to publish on a government website for at least thirty days,
22 notice of this Order, notice of the government's intent to dispose of the property in such manner
23 as the Attorney General may direct and provide notice that any person, other than the defendants,
24 having or claiming a legal interest in the subject property must file a petition with the Court and
25
26
27 ///
28
APPLICATION OF THE UNITED STATES FOR A                                           4
PRELIMINARY ORDER OF FORFEITURE
CR 08-367 DLJ

serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

Dated: 9/24/08

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

ANDREW S. HUANG
STEPHANIE M. HINDS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of the following documents

- **APPLICATION FOR A PRELIMINARY ORDER OF FORFEITURE;**
- **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

to be served by electronic mail upon the person(s) identified below at their last known place of address:

Paul Wolf, Esq.
Law Offices of Paul Delano Wolf
717 Washington Street, 2nd floor
Oakland, CA 94607

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of September, 2008, at San Francisco, California.

ALICIA CHIN
Paralegal/ Asset Forfeiture Unit