1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  ANDREW S. HUANG (CABN 193730)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      Facsimile: (510) 637-3724
       E-Mail: andrew.huang@usdoj.gov
8
9  Attorneys for Plaintiff

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  UNITED STATES OF AMERICA,          )   No. CR 08-0367 DLJ
                                       )
14            Plaintiff,               )
                                       )
15       v.                            )   UNITED STATES' SENTENCING
                                       )   MEMORANDUM
16  LEONARD B. AUERBACH,               )
                                       )   Hearing Date:    November 14, 2008
17            Defendant.               )   Hearing Time:    10:00 a.m.
                                       )
18

19       The United States, by and through its counsel, Joseph P. Russoniello, United States

20  Attorney for the Northern District of California, and Andrew S. Huang, Assistant United States

21  Attorney, hereby supports the recommendation of the United States Probation Office and

22  requests that defendant Leonard B. Auerbach be sentenced to (1) 180 months imprisonment, the

23  statutorily mandated minimum term, (2) followed by a lifetime term of supervised release, (3)

24  pay a $200,000 fine, which is the high end of the advisory range under the Sentencing

25  Guidelines, (4) pay restitution in the amount of $178,000, which is to be divided $100,000 to the

26  National Center for Missing and Exploited Children and $78,000 to the minor victim in this case

27  and to be disbursed at the sole discretion of the United States government, (5) forfeit $270,000 in

28  money judgment, and (6) pay a $100 special assessment. As agreed upon by the parties in

paragraphs 10 and 11 of the Plea Agreement, respectively, the government also requests that the Court include, as conditions of defendant's supervised release, restrictions upon defendant's travel outside of the United States and a condition that any law enforcement officer may search the defendant's property at any time of the day or night, with or without cause.  Finally, the government, requests that language provided in the Attachment be included in the judgment and commitment order with respect to restitution.  Taking into consideration the factors listed under 18 U.S.C. § 3553(a), including the applicable Sentencing Guidelines, the requested sentence is warranted for the reasons states below and supported by facts contained in the presentence report.

## I. BACKGROUND

Defendant Auerbach engaged in a sexual relationship with a minor victim, whose date of birth is in April 1992, beginning at least as early as September 2004, when the victim was 12 years old, and continuing until as late as April 2007, when the victim turned 15.  Throughout the time of the relationship, defendant took sexually explicit photographs and videos of the victim. Defendant Auerbach is a wealthy American businessman while the victim is from an impoverished area of Costa Rica.

On April 8, 2008, defendant was charged by information in the Northern District of California (Court No. CR 08-0227), with violating 18 U.S.C. § 2423(c) (Engaging in Illicit Sexual Conduct in Foreign Places) and 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography).  Defendant failed to appear for his initial appearance and arraignment, which was scheduled for April 9, 2008 at 10:00 a.m.  As a result of defendant's flight from justice, the government expended considerable time and resources.  Defendant was ultimately apprehended in Cuba where the Cuban government detained him for close to six weeks before expelling him to the United States.  Costa Rican government records indicate that the victim also traveled from Costa Rica to Cuba in April 2008, shortly after defendant failed to appear in Court.

On June 4, 2008, a grand jury indicted defendant on charges of violating 18 U.S.C. §§ 2423(b) and (c) (Travel with Intent to Engage in and Engaging in Illicit Sexual Conduct in Foreign Places), 18 U.S.C. § 2251(c) (Production of Child Pornography), and 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography).  On August 29, 2008, pursuant to his Plea

1   Agreement with the government, defendant pleaded guilty to Production of Child Pornography,

2   as charged in Count Three of the Indictment.

3                              II. CONDITIONS OF SUPERVISED RELEASE

4   A.      Travel Restrictions

5        In the Plea Agreement, defendant agreed to the following condition of supervised release:

6        [I]n addition to any restrictions placed upon me as terms of my supervised release,
         that I will not travel outside of the 50 United States and the District of Columbia
7        ("international travel"), except for instances of family illness or death, religious
         reasons, or business reasons.  To engage in international travel for these excepted
8        reasons, I must present documentation of these reasons to my probation officer
         and receive advance approval.
9
    Plea Agreement ¶11.  The government, accordingly, requests that the Court include the following
10
    condition of supervised release:
11
         Notwithstanding any other condition of supervised release, the defendant shall not
12       travel outside of the 50 United States and the District of Columbia ("international
         travel"), except for instances of family illness or death, religious reasons, or
13       business reasons.  To engage in international travel for these excepted reasons, the
         defendant must present documentation of these reasons to the United States
14       Probation Office in advance and obtain advance approval.

15  Child sex tourism is an ever-increasing worldwide problem.  Predatory international travelers

16  successfully exploit children in Third World countries, such as Costa Rica, by exploiting the

17  children's impoverished situations.  During the government's investigation, witnesses related that

18  the defendant boasted to them about his sexual exploits in Costa Rica, including the opportunity

19  to have sex with minors.  During his flight from justice, the defendant demonstrated his contempt

20  for laws prohibiting sex with minors by sending e-mails from Cuba to friends and acquaintances

21  in the United Sates, railing against such laws as "cultural imperialism."  The requested travel

22  restriction would, therefore, serve as an appropriate and reasonable control on the defendant

23  while deterring others who abuse their right to travel internationally.

24  B.      Search and Seizure

25        Defendant also agreed to the following condition of supervised release:

26        [T]o submit my person and property to search and seizure at any time of the day
         or night by any law enforcement officer, with or without a warrant.  I waive any
27       applicable rights I might have to be free from such search and seizure and agree to
         make my submission to such search and seizure, with or without cause, a term of
28       my supervised release.

UNITED STATES' SENTENCING MEMORANDUM
No. CR 08-00367 DLJ

Plea Agreement ¶ 10.  Considering this defendant's offense of conviction and in light of the Ninth Circuit's decision in United States v. Betts, 511 F.3d 872 (9th Cir. Dec. 14, 2007), the government requests that the following this condition should read as follows:

> The defendant shall submit his person, residence, office, vehicle, or any property under his control, including computers and digital storage media, to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

In Betts, the Ninth Circuit upheld a substantially similar (and, the government submits, identical in effect) search clause, even though the defendant in that case had no criminal history. In doing so, the Ninth Circuit relied on Samson v. California, 547 U.S. 843, 126 S.Ct. 2193 (2006), which held that a similarly worded condition imposed upon all parolees in California did not violate the Fourth Amendment even though the condition did not require reasonable suspicion. See Betts, 511 F.3d at 876 (citing Samson, 547 U.S. at ___, 126 S.Ct. at 2202).  The Ninth Circuit noted that in Samson, the Supreme Court had considered the high risk of recidivism for people convicted of crimes and reasoned that a reasonable suspicion requirement would give parolees greater opportunity to anticipate searches and hide criminal conduct. See Betts, 511 F.3d at 876 (citing Samson, 547 U.S. at ___, 126 S.Ct. at 2201).  Because there was "no sound reason for distinguishing parole from supervised release" with respect to this condition, and noting that the Court in Samson even drew the analogy to supervised release, the expansive search condition not requiring reasonable suspicion was appropriate. Id.; see also United States v. Hanrahan, 508 F.3d 962 (affirming the imposition of a suspicionless search condition of supervised release after felon-in-possession conviction).

Such a condition of supervised release is appropriate in the present case, principally to prevent recidivism.  In fact, the high recidivism rate of possessors of child pornography has been cited as the reason for why Congress expanded the maximum term of supervised release to life for child pornography offenders. See United States v. Allison, 447 F.3d 402, 405-407 (5th Cir. 2006).  Furthermore, the Internet and the nature of digital storage has made it possible for collectors and distributors of child pornography to do so anonymously, in high volume, and still evade detection.  Illicit images may be downloaded, viewed, stored in hidden locations,

1   duplicated an infinite number of times at little cost, and deleted, only to be downloaded all over

2   again in a short period of time with little additional cost. Consequently, searches at "reasonable

3   times" and based upon "reasonable suspicion" may not serve as an effective control or deterrent.

4                                          III. RESTITUTION

5          The parties agreed that defendant will pay $178,000 in total restitution, with $78,000 to

6   be paid to the minor victim. The evidence indicates that defendant was able to exploit the victim

7   with the full complicity of the victim's adult family members. To mitigate further exploitation of

8   the victim, the government intends to make arrangements for the purchase of an annuity that will

9   disburse monthly payments of with a lump sum disbursement when the victim reaches 25 years

10  of age. To date, however, the government has not successfully located the victim to make

11  arrangements for restitution payments. The government, therefore, proposes that the language

12  contained in the Attachment be included in the judgment and commitment order and that the

13  Court sentence defendant accordingly with respect to restitution.

14                                         IV. CONCLUSION

15         For the reasons stated above, the government respectfully requests that the Court accept

16  the parties' Plea Agreement and sentence the defendant to (1) 180 months imprisonment, the

17  statutorily mandated minimum term, (2) followed by a lifetime term of supervised release, (3)

18  pay a $200,000 fine, which is the high end of the advisory range under the Sentencing

19  Guidelines, (4) pay restitution in the amount of $178,000, which is to be divided $100,000 to the

20  National Center for Missing and Exploited Children and $78,000 to the minor victim, (5) forfeit

21  $270,000 in money judgment, and (6) pay a $100 special assessment. The government further

22  requests that the Court include the travel restrictions and search and seizure conditions of

23  supervised release that were agreed upon by the parties and detailed above. Finally, the

24  government requests that the Court order payment of restitution to the minor victim in a manner

25  consistent with the language in the Attachment to this Memorandum.

26  //

27  //

28  //

UNITED STATES' SENTENCING MEMORANDUM
No. CR 08-00367 DLJ

1  DATED: November 10, 2008                    Respectfully submitted,

2                                              JOSEPH P. RUSSONIELLO
                                               United States Attorney
3

4

5                                              ANDREW S. HUANG
                                               Assistant United States Attorney
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM
No. CR 08-00367 DLJ

1

2                                    **ATTACHMENT**

3      Proposed language for inclusion in the Court's judgment and commitment order:

4              Defendant shall execute an annuity contract with Allstate International
               Assignment Company ("Allstate") providing a stream of payments for the minor
5              victim in this case as restitution. The present value of that annuity contract shall
               be $78,000, and that shall be the amount of restitution ordered for the minor
6              victim. Defendant is ordered to execute any and all documents required by
               Allstate and the United States Attorney's Office to accomplish this transaction.
7
               Defendant shall make his $78,000 restitution payment directly to Allstate and not
8              through the Clerk of the Court. Once the payment has been made and proof
               supplied to the Clerk of the Court, the restitution judgment with respect to the
9              minor victim shall be considered paid in full.

10             The annuity contract with Allstate shall provide for monthly payments to the
               minor victim of not less than $100 per month up to her 25th birthday, with the
11             residual balance being disbursed as a lump sum to the minor victim at that time.
               The United States Attorney's Office shall have discretion to set the exact amount
12             of the monthly payment and the lump sum payment, in consultation with Allstate.
               Given the exigencies of this case, all payments by Allstate shall be made to the
13             minor victim directly (through appropriate banking channels) and not to a
               conservator or legal guardian.
14
               The United States Attorney's Office is directed to provide the minor victim's
15             name, date of birth, address, and other documentation required to the Clerk's
               Office and to Allstate.
16
               If the victim's contact information and personal information is not available and
17             the annuity contract has not been executed by December 1, 2009, defendant shall
               pay the $78,000 directly to the Clerk of the Court, and his restitution obligation
18             with respect to the minor victim shall be deemed satisfied. The minor victim
               thereafter can make application to the court for those funds upon proof of identity.
19

20

21

22

23

24

25

26

27

28