AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

**AMENDED**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**LEONARD B. AUERBACH** | **JUDGMENT IN A CRIMINAL CASE**<br>USDC Case Number: CR-08-00367-001 DLJ<br>BOP Case Number: DCAN408CR000367-001<br>USM Number: 80616-004<br>Defendant's Attorney: Paul Wolf |

**Date of Original Judgment: 11/20/08**

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): 3 of the Indictment .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2251(c) | Production of Child Pornography | 4/9/07 | Three |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Count(s) 1, 2 and 4 of the Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

November 14, 2008
Date of Imposition of Judgment

/s/ D. Lowell Jensen
Signature of Judicial Officer

Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer

June 18, 2009
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | LEONARD B. AUERBACH | Judgment - Page 2 of 10 |
| CASE NUMBER: | CR-08-00367-001 DLJ     AMENDED | |

## IMPRISONMENT

Count 3:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  180 months .

[**x**]	The Court makes the following recommendations to the Bureau of Prisons:
that the defendant participate in the Bureau of Prisons Drug Treatment Program; that the defendant be housed in Lompoc Facility; as close to this area as possible.

[**x**]	The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]	The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ [] am [] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]	The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before  2:00 pm on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____

   Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                      _____
                                                      UNITED STATES MARSHAL

                                              By      _____
                                                      Deputy United States Marshal

DEFENDANT:     LEONARD B. AUERBACH                         Judgment - Page 3 of 10
CASE NUMBER:   CR-08-00367-001 DLJ     AMENDED**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  life .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

- [ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
- [x]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
- [x]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
- [x]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
- [ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | LEONARD B. AUERBACH | Judgment - Page 4 of 10 |
| CASE NUMBER: | CR-08-00367-001 DLJ     AMENDED** | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not possess or use a computer with access to any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

2) The defendant shall not possess or use any data encryption technique or program.

3) The defendant shall (1) consent to the probation officer conducting periodic unannounced examinations of his/her computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the probation officer to having installed on his computer(s), at the defendant's expense, any hardware or software systems to monitor his computer use.

4) The defendant shall refrain from accessing, via a computer, any "material" that relates to the activity in which he was engaged in committing the instant offense(s), parole, probation, or supervised release violation behavior, namely child pornography.

5) The defendant shall maintain a daily log of all addresses he accesses via any personal computer (or other computer used by him), other than for authorized employment, and make this log available to the probation officer.

6) The defendant shall provide all personal/business phone records to the probation officer upon request. Further, the defendant shall provide the probation officer written authorization to request a record of all his outgoing or incoming phone calls from any phone service provider.

7)
The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

8) The defendant shall pay any restitution, fine and special assessment that is imposed by this judgment,(and that remains unpaid at the commencement of the term of supervised release.

9) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

**SPECIAL CONDITIONS OF SUPERVISION**

DEFENDANT:        LEONARD B. AUERBACH                                    Judgment - Page 5 of 10
CASE NUMBER:  CR-08-00367-001 DLJ     AMENDED**

10)  The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

11)  The defendant shall make an application to register as a sex offender pursuant to state law.

12)  The defendant shall submit his person, residence, office, vehicle, or any property under his control, including computers and digital storage media, to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

13)  The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

14)  The Court imposes a fine of $200,000 which is due immediately.

15)  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

16) The defendant shall participate in a sex offense-specific treatment evaluation to determine whether further sex offender-specific treatment is necessary and appropriate to address the defendant's sexually inappropriate conduct.  If recommended by the treatment provider, the defendant shall participate in a sex offender-specific treatment, as directed by the probation officer.  The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer.  The actual co-payment scheduled shall be determined by the probation officer.

17) The defendant shall not be unaccompanied by an another adult in the vicinity of children under the age of 18, unless otherwise approved by the probation officer. As to contact with defendant's relatives under the age of 18, defendant is to give notice to the probation officer.

18) Defendant is not to travel outside of the 50 United States and the District of Columbia ("international travel"), except for instances of family illness or death, religious reasons, or business reasons. To engage in international travel for these excepted reasons, the defendant must present documentation of these reasons to the probation officer in advance and obtain advance approval.

**SPECIAL CONDITIONS OF SUPERVISION**

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:       LEONARD B. AUERBACH                                    Judgment - Page 6 of 10
CASE NUMBER:   CR-08-00367-001 DLJ     AMENDED**

19) The Court orders restitution, which is due immediately, in the total amount of $178,000. $100,000 is to be paid to the National Center for Missing and Exploited Children. $78,000 is to be paid to the minor victim (see below).

A.**Defendant shall pay $78,000 in restitution by providing a stream of payments to the victim, under the terms
described below. Defendant is ordered to execute any and all documents required by the United States Attorney's Office to accomplish this transaction.

B. Defendant's counsel, Paul Wolf, who holds the $78,000 designated for the victim in his trust account, shall pay that money as follows:

   1) Paul Wolf is authorized to pay $5,000 no later than June 1, 2009, or as soon as practicable thereafter, to Freddy Farinas, for the benefit of the victim. Paul Wolf shall additionally pay $500 on the first business day of each month commencing June 1, 2009 (or as soon as practicable thereafter) through and including April 1, 2010. These payments may be made by check or by electronic transfer, at Mr. Wolf's discretion; and

   2) Paul Wolf shall transfer the balance of $67,500 to Allstate International Assignments.

C. Defendant's obligation to pay restitution under this judgment shall be deemed paid in full at the time the transfer to the Allstate International Assignments is complete.

D. (1) Allstate International Assignments is authorized to make a non-qualified assignment of defendant's obligation to pay restitution under this judgment to Allstate International Assignments, Ltd. That company may discharge its obligations by purchasing an annuity contract form Allstate Life Insurance Company (collectively, these entities are referred to as "Allstate"). In the event that Allstate International Assignments, Ltd. purchases such an annuity, it shall be the sole owner of any funding agreement purchased and shall have all rights of ownership.

   (2) The assignment contract and any annuity purchased shall provide for monthly payments to the victim of not less than $500, commencing May 1, 2010. Payments shall be made on the first business day of each month thereafter. These payments shall continue until the victim's 25th birthday on April 1, 2017. The payment due on April 1, 2017 shall be the last payment under this paragraph.

   (3) The balance of annuity funds shall be paid in a guaranteed single lump sum to the victim within 21 days of the victim's 25th birthday; and

   (4) The United States Attorney's Office shall have the discretion to set the exact amount of the monthly payment and the lump sum payment, in consultation with Allstate at the inception of the contract period. The periodic payment schedule as stated shall have a present value of $67,500.00; and

   (5) Payments by Allstate shall be made directly to the victim, and may be made by mailing a check in U.S. Dollars to the victim in Costa Rica, or as Allstate deems appropriate in its discretion.

**SPECIAL CONDITIONS OF SUPERVISION**

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | LEONARD B. AUERBACH | Judgment - Page 7 of 10 |
| CASE NUMBER: | CR-08-00367-001 DLJ     AMENDED** | |

E.  Any payments made to Mr. Freddy Farinas for the benefit of the victim shall only be used in a way that is beneficial to the victim.  The victim and Freddy Farinas shall be responsible for maintaining current mailing addresses with Allstate, Paul Wolf, the Clerk's Office and the United States Attorney's Office.  If necessary, the United States Attorney's Office shall be entitled to update the mailing addresses of the victim and Freddy Farinas.

F.  The obligations of Allstate International Assignments, Ltd. and Allstate Insurance Company shall be discharged upon the mailing or other transmission on the due date or earlier of a valid check or its electronic equivalent in the specific amount of such payment to the designated address of the victim.

G.  The victim shall not have any right to accelerate, defer, increase or decrease the payments required by any annuity purchase, nor shall the victim have the right to sell, mortgage, encumber, or anticipate the periodic payments or the lump sum distribution, by assignment or otherwise.

H.  Should the victim die, or any payments to be made after the death of the victim shall be made to the Clerk of the Court, to be forwarded to the United States Treasury, to be deposited there.  Proof of the victim's death shall be provided in writing to Allstate, in a form acceptable to it.

I.  If the arrangements designated above fail, Paul Wolf may deposit the $78,000 with the Clerk of the Court.  Any funds remitted by Paul Wolf shall be deposited in the Clerk's Registry, and shall earn interest.  The funds shall be held until the victim's 18th birthday. After she reaches majority, the victim may make application for the funds and any interest earned on them to be paid to her. The victim shall supply the Clerk of the Court with proof of identity when making that application.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | LEONARD B. AUERBACH | Judgment - Page 8 of 10 |
|---|---|---|
| CASE NUMBER: | CR-08-00367-001 DLJ   AMENDED | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 200,000 | $ 178,000 |

[ ]  The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[**x**]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| National Center for Missing and Exploited Children | | $100,000 | |
| minor victim | | $78,000 | |
| Totals: | $ _ | $ 178,000 | |

[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]  the interest requirement is waived for the     [ ] fine    [ ] restitution.

    [ ]  the interest requirement for the     [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: LEONARD B. AUERBACH | Judgment - Page 9 of 10 |
| CASE NUMBER: CR-08-00367-001 DLJ    AMENDED | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

   [ ]   not later than _____, or

   [ ]   in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [**x**]  Special instructions regarding the payment of criminal monetary penalties:

While incarcerated, payment of **criminal monetary payments** are due during the imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of the U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

While incarcerated, payment of **restitution** is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev.  12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | LEONARD B. AUERBACH | Judgment - Page 10  of  10 |
| CASE NUMBER: | CR-08-00367-001 DLJ        AMENDED | |

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[**x**]   The defendant shall forfeit the defendant's interest in the following property to the United States:
The $270,000 from sale of property in Costa Rica ; all  property seized from defendant's home on 8/6/07.

  Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.